# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-62-JDR-CDL

John W. Winningham, Jr.,

*Plaintiff,*

versus

City of Broken Arrow, Oklahoma; Lanny, *last name unknown*; Leon Rademacher; City of Sallisaw, Oklahoma; County of Tulsa, Oklahoma; Storey Wrecker Service, Inc.; Chad Blanchett; Lynette White; Ronald, *last name unknown*; Tara Bashaw; Tiffany Jesse; Scott Bennett; Dennis Sprouse,

*Defendants.*

## OPINION AND ORDER

Plaintiff John Winningham, proceeding pro se,[1] sued Defendants City of Broken Arrow, Oklahoma; Lanny; Leon Rademacher; City of Sallisaw, Oklahoma; County of Tulsa, Oklahoma; Storey Wrecker Service, Inc.; Chad Blanchett; Lynette White; Ronald; Tara Bashaw; Tiffany Jesse; Scott Bennett; and Dennis Sprouse. Dkts. 2, 14, 16, 31.[2] Mr. Winningham claims that

---

[1] Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe Mr. Winningham's pro se pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[2] Mr. Winningham filed his complaint on February 15, 2024. Dkt. 2. He then filed two amended complaints in October 2024 [Dkts. 14, 16] and another amended complaint in April 2025 [Dkt. 31]. Given the nature of the filings and Mr. Winningham's pro se status, the defendants responded to the original complaint and the two October complaints together. Dkt. 22 at 2 n.1. The Court will consider whether any of Mr. Winningham's complaints, read individually or together, state a claim upon which relief can be granted.

the defendants violated his constitutional rights under 42 U.S.C. § 1983, several criminal statutes,[3] and the Racketeer Influenced and Corrupt Organizations Act when he was arrested in July 2018. Dkt. at 2. He seeks the return of his "stolen assets" which include a 2014 Dodge Journey and ten dogs, along with ten million dollars in damages. *Id.* at 3. Defendants Broken Arrow, Mr. Rademacher, Ms. Jesse, and Mr. Bennett were properly served[4] and moved to dismiss the claims on several grounds. Dkt. 22. The defendants' motion to dismiss is granted, and Mr. Winningham's remaining motions[5] are denied as moot.

I

The moving defendants argue that Mr. Winningham has failed to state a claim upon which relief can be granted. Dkt. 22 at 3-4. They also argue that Mr. Winningham's claims are barred by the doctrine of res judicata and the applicable statutes of limitations. *Id.* at 4-7. And finally, the defendants ask the Court to place filing restrictions on Mr. Winningham, asserting that this suit is frivolous and was filed for an improper purpose. *Id.* at 7-8.

When considering a motion to dismiss, the Court must determine whether the pleading contains enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court will accept the plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Sterlin v. Biomune Sys.* 154 F.3d 1191, 1195 (10th Cir. 1998). The Court is required to "disregard conclusory statements and look only to whether the

---

[3] 18 U.S.C. §§ 241, 242, 1001, and 1951.

[4] Mr. Winningham has not properly served the remaining defendants.

[5] Mr. Winningham has filed: motion for return of property [Dkt. 6]; motion for judgment on the pleadings [Dkt. 7]; motion to waive the filing fee and motion for settlement [Dkt. 10], motion for default judgment [Dkt. 25]; motion for summary judgment [Dkt. 27]; motion for discovery [Dkt. 33]; motion for summary judgment [Dkt. 34].

2

No. 24-cv-62

remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### A

As an initial matter, federal criminal laws do not create an implied private right of action for civil litigants. *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Accordingly, Mr. Winningham cannot bring his claims for violations of 18 U.S.C. §§ 241, 242, 1001, and 1951. *See Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private civil cause of action."); *Houck v. Ball*, 511 F. App'x 704, 704 (10th Cir. 2013) ("[T]here is no private right of action under § 242."); *Greene v. Tennessee Bd. of Jud. Conduct*, 693 F. App'x 782, 783 (10th Cir. 2017) (holding that 18 U.S.C. § 1001 "is a criminal statute that does not confer jurisdiction in this civil lawsuit"); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) (holding that "neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action"). These claims are dismissed with prejudice.

### B

The moving defendants argue that Mr. Winningham's § 1983 claims are time-barred. Dkt. 22 at 6-7. The Court agrees. The statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury actions. *Herrera v. City of Espanola*, 32 F.4th 980, 989 (10th Cir. 2022). In Oklahoma, that statute of limitations is two years. Okla. Stat. tit. 12, § 95(A)(3).

The incidents giving rise to this action occurred in July 2018. Mr. Winningham first sued Broken Arrow, Mr. Rademacher, and Ms. Jesse in federal court in the Eastern District of Oklahoma on March 25, 2020, within the two-year statute of limitations. *See Winningham v. City of Broken Arrow, et al.*,

3

No. 24-cv-62

6:20-cv-86-RAW (E.D. Okla. filed Mar. 25, 2020). The court dismissed the case on January 11, 2021, for failure to state a claim. Because the case was dismissed after the two-year statute of limitations had run, Mr. Winningham had one year, or until January 11, 2022, to refile the case under Oklahoma's savings statute.[6] Mr. Winningham did not refile the case until April 13, 2022. Thus, Mr. Winningham's § 1983 claims against Broken Arrow, Mr. Rademacher, and Ms. Jesse are time barred.

Mr. Winningham's § 1983 claim against Mr. Bennett was not asserted until 2022, four years after Mr. Winningham's arrest. *See Winningham v. City of Broken Arrow, et al.*, 4:22-cv-177-GKF-SH (N.D. Okla. filed Apr. 13, 2022). And even if the court considers the initial filing valid, the statute of limitations has run on the claim. The court dismissed the case on August 29, 2022, because Mr. Winningham failed to properly serve Mr. Bennett and the other defendants. Based on the Oklahoma savings statute, Mr. Winningham would have had until August 29, 2023, to refile the claim against Mr. Bennett. Mr. Winningham did not refile the § 1983 claim against Mr. Bennett until February 15, 2024. Accordingly, Mr. Winningham's § 1983 claim against Mr. Bennett is time barred. Mr. Winningham's § 1983 claims against Broken Arrow, Mr. Rademacher, Ms. Jesse, and Mr. Bennett are dismissed with prejudice.

C

The defendants also seek dismissal of Mr. Winningham's RICO claim. Dk. 22 at 4. In his complaints, Mr. Winningham cites to RICO but makes no specific factual allegations that could support a claim under that statute. Mr.

---

[6] Oklahoma's savings statute provides:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff … may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

Okla. Stat. tit. 12, § 100.

Winningham has failed to identify the specific acts that constitute the predicate acts of racketeering activity, the way those acts form a pattern of racketeering activity, the scope of the alleged enterprise, and the way the defendants participated in the conduct of the organization. Without that information, the Court is unable to perform a thorough and meaningful analysis of Mr. Winningham's RICO claim and it is dismissed.

Amendment of Mr. Winningham's RICO claim would be futile because the RICO claim is time barred. The incidents giving rise to this action occurred in July 2018. The applicable statute of limitations for claims based on RICO violations is four years. *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008). The statute of limitations begins to run regardless of whether the plaintiff is aware of the racketeering occurring. *Rotella v. Wood*, 528 U.S. 549, 555-61 (2000). Mr. Winningham first asserted RICO violations against the defendants in *Winningham v. City of Broken Arrow, et al.*, 4:22-cv-177-GKF-SH (N.D. Okla. filed Apr. 13, 2022). The case was dismissed on August 29, 2022, outside of the four-year statute of limitations. Plaintiff has not identified any type of tolling or savings provision which would make his RICO claim timely. Accordingly, the RICO claim is barred by the statute of limitations and is dismissed with prejudice.

### C

The claims against the remaining unserved defendants are also dismissed. Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Mr. Winningham filed the initial complaint in February 2024, then requested an extension to serve the defendants in January 2025, which the Court granted. Dkts. 2, 18, 19. On April 10, 2025, the Court entered a minute order directing Mr. Winningham to serve the remaining defendants or show cause as to why they have not been served by May 1, 2025. Dkt. 28. The Court further advised

No. 24-cv-62

Mr. Winningham that failure to comply with its order would result in the dismissal of the unserved defendants. *Id.* Mr. Winningham has neither filed returns of service for any of the remaining defendants nor shown good cause for his failure to do so. Accordingly, pursuant to Fed. R. Civ. P. 4(m), the Court will dismiss all claims against the remaining unserved defendants in this action.

## II

The Court now turns to the moving defendants' request for filing restrictions. The Court has reviewed Mr. Winningham's filing history in this district and the Eastern District of Oklahoma and cautions Mr. Winningham that filing restrictions may be placed on him if he continues to file frivolous pleadings. "'[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). Courts must be careful not to deny a litigant "meaningful access to the courts," but may "impos[e] carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (citations omitted).

Within a five-year period, Mr. Winningham filed five nearly identical complaints in this district and one in the Eastern District of Oklahoma:

1. *Winningham v. City of Broken Arrow, et al.*, 6:20-cv-86-RAW (E.D. Okla. filed Mar. 25, 2020),
2. *Winningham v. City of Broken Arrow, et al.*, 4:22-cv-177-GKF-SH (N.D. Okla. filed Apr. 13, 2022)
3. *Winningham v. LNU, et al.*, 4:22-cv-466-TCK-SH (N.D. Okla. filed Oct. 21, 2022)
4. *Winningham v. City of Broken Arrow, et al.*, 4:23-cv-254-CVE-MTS (N.D. Okla. filed June 26, 2023)

No. 24-cv-62

5. *Winningham v. City of Broken Arrow, et al.*, 4:24-cv-62-JDR-CDL (N.D. Okla. filed Feb. 15, 2024)

On January 11, 2021, the Eastern District dismissed Mr. Winningham's complaint for failure to state a claim. No. 6:20-cv-86-RAW, Dkt. 48. Mr. Winningham's next two complaints, filed in the Northern District, were dismissed for failure to timely serve the defendants. No. 4:22-cv-177-GKF-SH, Dkt. 30; No. 4:22-cv-466-TCK-SH, Dkt. 16. And finally, Judge Eagan dismissed Mr. Winningham's complaint for failure to pay the filing fee. No. 4:23-cv-254-CVE-MTS, Dkt. 9. Based on this record, the Court concludes Mr. Winningham has filed three cases and failed to prosecute them. The Court warns Mr. Winningham that the Court may place filing restrictions on him if the Court finds that he continuously files frivolous complaints.

### III

The defendants' motion to dismiss [Dkt. 22] is granted because there is no private right of action for federal criminal statutes and the remaining claims are barred by the relevant statutes of limitations. The claims against the remaining defendants are dismissed because Mr. Winningham has failed to serve them properly. Mr. Winningham's remaining motions [Dkts. 6, 7, 10, 25, 27, 33, 34] are denied as moot.

DATED this 2nd day of May 2025.

_____
JOHN D. RUSSELL
*United States District Judge*